UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES E. GOWDY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-169 |
| | § | |
| MARINE SPILL RESPONSE | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Plaintiff, James Gowdy, has sued Marine Spill Response Corporation alleging that he injured his left foot while he was working as a temporary worker aboard the NEW JERSEY RESPONDER in August 2013. When this lawsuit was filed on June 29, 2016, Gowdy was represented by counsel. His counsel withdrew shortly thereafter, and Gowdy has appeared *pro se* for the majority of this lawsuit.

### APPLICABLE LAW

The Jones Act creates a cause of action for a seaman who is injured in the course of employment due to the negligence of his employer. 46 U.S.C. § 30103. "A seaman is entitled to recovery under the Jones Act, therefore, if his employer's negligence is the cause, in whole or in part, of his injury." *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331, 335 (5th Cir.1997).[1] A Jones Act employer is held to the duty of care required

---

[1] Of course, not every "maritime worker on a ship at sea ... is automatically a member of the crew of the vessel within the meaning of the statutory terms." *Chandris, Inc. v. Latis*, 515 U.S. 347, 363, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). To qualify as a seaman, a party must show: (1) that the employee's duties contributed to the function of a navigable vessel; and (2) a

under ordinary negligence law. *Id*. at 339. However, "[a] defendant must bear the responsibility for any negligence, however slight, that played a part in producing the plaintiff's injury." *In re Cooper/T. Smith,* 929 F.2d 1073, 1076 (5th Cir. 1991).

Nonetheless, there must still be <u>some</u> evidence that an act or omission by the defendant caused the harm alleged. "Although in Jones Act cases a 'jury is entitled to make permissible inferences from unexplained events,' summary judgment is nevertheless warranted when there is a complete absence of proof of an essential element of the nonmoving party's case." *Id.* at 1077 (5th Cir. 1991).

In contrast, a claim for unseaworthiness requires proof of proximate cause. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991). Plaintiff must show that the "unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Id*. at 1354. An unseaworthiness claim may only be brought by a vessel's crew member who was injured on the vessel. *Speer v. Taira Lynn Marine, Ltd., Inc.,* 116 F. Supp. 2d 826, 829, 830 (S.D. Tex. 2000). As other courts have noted, if a plaintiff's Jones Act claim fails, "so does his claim for unseaworthiness under general maritime law." *Johnson v. Horizon Offshore Contractors, Inc*., CIV.A. 06-10689, 2008 WL 916256, at *6 (E.D. La. Mar. 31, 2008).

---

connection to the vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and nature. *Id*. at 368. This test is meant to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea. *Id.*

## ANALYSIS

Defendant has filed a motion for summary judgment, Dkt. 28, alleging that Gowdy had a pre-existing medical condition, *i.e.*, serious medical complications from diabetes, and that he cannot establish medical causation as a matter of law. In support of its motion for summary judgment, Defendant presented a medical opinion from a biomechanical expert certified in accident reconstruction, who stated that he had reviewed evidence and discovery, including the pleadings, Gowdy's statements about the accident, records of Gowdy's medical treatment, and photographs of the worksite, and that it was his medical opinion that Gowdy's alleged injury to his foot "would not" have occurred from the chain of events that Gowdy described, and the problems Gowdy experienced with his left foot were instead the result of diabetes. Accordingly, Defendant contends that there is no evidence that Gowdy was injured by any acts, omissions, or possible negligence on the part of Defendant.

Defendant's motion for summary judgment was filed electronically at 1:56 PM on July 31, 2017. Dkt. 28. Three hours later, a "Motion to Oppose Summary Judgment" was entered on the docket of this case by the Clerk's Office. Dkt. 29. That document was received by the Clerk's Office on July 31, 2017, but it was postmarked on July 29, 2017. Out of an abundance of caution, the Court will consider this filing as Gowdy's response to Defendant's motion, or alternatively, as a cross-motion for summary judgment. Gowdy challenges the expert opinion that Defendant relies upon, contending the expert must have been misled as to the height at issue and that the expert "had not personally visited the accident site." Gowdy also submits documents that appear to be summaries from

recent doctor visits to challenge the expert's opinion. However, the Court notes that those summaries are incomplete, they are redacted, and they are unauthenticated and not accompanied by a business records affidavit. Further, these summaries are not accompanied by any expert explanation or opinion, and thus without the required context needed to challenge Defendant's expert's opinion. Similarly, although Gowdy presents the deposition testimony of one of his treating physicians, in an attempt to contradict the Defendant's expert, this testimony is also redacted and, again, lacks sufficient context to challenge Defendant's expert's opinion. Gowdy does not explain how this testimony contradicts the Defendant's expert or how it raises a genuine dispute of material fact as to whether damage to his left foot, if any, was caused by Defendant's negligence. Given the facts in this case as presented by the summary judgment evidence, the Court finds that Gowdy has failed to raise a genuine dispute of material fact and that Defendant is entitled to summary judgment in its favor. *See, e.g., Johnson v. Horizon Offshore Contractors, Inc.,* CIV.A. 06-10689, 2008 WL 916256, at *4 (E.D. La. Mar. 31, 2008) ("the medical expert must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages."); *Anh Ngoc Vo v. Chevron U.S.A., Inc.*, No. 12-1341, 2014 WL 3401095, at *2 (E.D. La. July 11, 2014) (citations omitted)("No medical doctor who has examined Vo has concluded that his neurological conditions were caused by trauma in the allision;" rather, a neurologist and a neurosurgeon opined that Vo's condition was incidental to his congenital Chiari Malformation).

## CONCLUSION

Accordingly, after a review of the summary judgment evidence, even applying the applicable summary judgment standards and construing Gowdy's briefing with some leniency, the Court finds that Gowdy has failed to raise a genuine dispute of material fact on his claims against Defendant, and that summary judgment is therefore appropriate for Defendant. A separate final judgment will be entered.

SIGNED at Galveston, Texas, this 27th day of October, 2017.

_____
George C. Hanks Jr.
United States District Judge