UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES E. GOWDY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-169 |
| | § | |
| MARINE SPILL RESPONSE CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CHARGE OF THE COURT

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You

may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**A. Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**B. Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**C. No Inference from Filing Suit.**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**D. Burden of Proof**

Plaintiff James Gowdy has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff James Gowdy has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

## E. Plaintiff's Claims

Plaintiff James Gowdy is asserting two separate claims against Defendant Marine Spill Response Corporation.

Plaintiff James Gowdy's first claim, under the federal law known as the Jones Act, is that his employer, Defendant Marine Spill Response Corporation, was negligent, and that this negligence was a cause of his injuries. Plaintiff James Gowdy's second claim is that unseaworthiness of a vessel caused his injuries.

You must consider each of these claims separately. Plaintiff James Gowdy is not required to prove both of these claims. He may recover if he proves either one of them. However, he may recover only those damages or benefits the law provides for the claims that he proves, and he may not recover the same damages or benefits more than once.

### 1. Jones Act

Under the Jones Act, Plaintiff James Gowdy must prove that his employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, Defendant Marine Spill Response Corporation bears the responsibility for any negligence that played a part, however slight, in causing Plaintiff James Gowdy's injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that Plaintiff James Gowdy was injured because Defendant Marine Spill Response Corporation failed to furnish him with a reasonably safe place to work, and that Plaintiff James Gowdy's working conditions could have been made safe through the exercise of reasonable care, then you must find that Defendant Marine Spill Response Corporation was negligent.

The fact that Defendant Marine Spill Response Corporation conducted its operations in a manner similar to that of other companies is not conclusive as to whether Defendant Marine Spill Response Corporation was negligent or not. You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his or her employment.

If you find from a preponderance of the evidence that Defendant Marine Spill Response Corporation assigned Plaintiff James Gowdy to perform a task that the Plaintiff James Gowdy was not adequately trained to perform, you must find that Defendant Marine Spill Response Corporation was negligent.

**2. Unseaworthiness**

Plaintiff James Gowdy also seeks damages for personal injury that he claims was caused by the unseaworthiness of Defendant Marine Spill Response Corporation's vessel, the OSRV NEW JERSEY RESPONDER.

A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts and equipment in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes the duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the vessel owner is not required to furnish an accident-free ship. It need only furnish a vessel and appurtenances that are reasonably fit for the intended use and a crew that is reasonably adequate for the assigned tasks.

The vessel owner is not required to provide the best appliances and equipment, or the finest crews, on its vessel. It is required to provide only gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the vessel owner did not provide an adequate crew of sufficient number to perform the tasks required, or if you find that the vessel was in any manner unfit under the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the vessel owner liable, without considering any negligence on the part of the vessel owner or any of its employees.

However, if you find that the owner had a capable crew, and had appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and Defendant Marine Spill Response Corporation is not liable to Plaintiff James Gowdy on the claim of unseaworthiness.

**F. Causation**

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury. This means that Plaintiff James Gowdy must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and

that the injury was either a direct result or a reasonably probable consequence of the condition.

### G. Contributory Negligence

Defendant Marine Spill Response Corporation contends that Plaintiff James Gowdy was negligent and that Plaintiff James Gowdy's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Plaintiff James Gowdy's negligence will be considered a cause of the injury if it played a part—no matter how slight—in bringing about his injury. Defendant Marine Spill Response Corporation has the burden of proving that Plaintiff James Gowdy was contributorily negligent. If Plaintiff James Gowdy's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his or her reliance on his or her employer to provide a safe work environment, but also his or her own experience, training and education. Under the Jones Act, a seaman has the duty to exercise that degree of care for his or her own safety that a reasonable seaman would exercise in like circumstances.

You may find Plaintiff James Gowdy was contributorily negligent if you find that he concealed material information about a preexisting injury or physical condition from his employer; exposed his body to a risk of reinjuring or aggravating a preexisting injury or condition; and then suffered reinjury or aggravation of that injury or condition.

If you find that Defendant Marine Spill Response Corporation was negligent or that the OSRV NEW JERSEY RESPONDER was unseaworthy, and that the negligence or unseaworthiness was a proximate or legal cause of Plaintiff James Gowdy's injury, but you also find that the accident was due partly to Plaintiff James Gowdy's contributory negligence, then you must determine the percentage Plaintiff James Gowdy's negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the jury questions. Do not make any reduction in the amount of damages that you award to Plaintiff James Gowdy. It is my job to reduce any damages that you award by any percentage of contributory negligence that you assign to Plaintiff James Gowdy.

### H. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial

consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous as to each question answered. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

George C. Hanks Jr.