## Question 1

### Question 1(a)

Was Marine Spill Response Corporation negligent?

Answer "Yes" or "No": NO

If you answered "Yes," then answer Question 1(b). If you answered "No," then do not answer Question 1(b) and continue to Question 2.

### Question 1(b)

Was the negligence of Marine Spill Response Corporation the cause, in whole or in part, of injury to James Gowdy?

Answer "Yes" or "No": ____________________

## Question 2

### Question 2(a)

Was the OSRV NEW JERSEY RESPONDER unseaworthy?

Answer "Yes" or "No": NO

If you answered "Yes," then answer Question 2(b). If you answered "No," then do not answer Question 2(b) and continue to Question 3.

### Question 2(b)

Was the unseaworthiness of the OSRV NEW JERSEY RESPONDER a proximate cause of injury to James Gowdy?

Answer "Yes" or "No": ______________________

## Question 3

**Question 3(a)**

Was James Gowdy negligent?

Answer "Yes" or "No": YES

If you answered "Yes," then answer Question 3(b). If you answered "No," then do not answer Question 3(b) and continue to Question 4.

**Question 3(b)**

Was the negligence of James Gowdy the cause, in whole or in part, of injury to James Gowdy?

Answer "Yes" or "No": YES

## Question 4

What percentages of fault, if any, do you find apply to each party whose fault contributed to James Gowdy's injuries, if any? The percentages you find must total 100 percent.

The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a person is not necessarily measured by the number of acts or omissions. Only include a percentage for Marine Spill Response Corporation if you answered "Yes" to both parts of either Question 1 or Question 2. Only include a percentage for James Gowdy if you answered "Yes" to both parts of Question 3.

| | |
|---|---|
| Marine Spill Response Corporation: | — % |
| James Gowdy: | 100 % |
| Total: | 100 % |

If you have included a percentage for Marine Spill Response Corporation, then answer Question 5. If you have not included a percentage for Marine Spill Response Corporation, then do not answer Question 5.

## Question 5

If you find that Defendant Marine Spill Response Corporation is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff James Gowdy's damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff James Gowdy whole, or to restore him to the position he would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff James Gowdy has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff James Gowdy's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; and impairment of earning capacity or ability in the future, including impairment of Plaintiff James Gowdy's earning capacity due to his physical condition.

If you find that Plaintiff James Gowdy is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that Plaintiff James Gowdy has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff James Gowdy only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff James Gowdy if he received the amount today than if he received the same amount in the future. If you decide to award Plaintiff James Gowdy an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Plaintiff James Gowdy for his injuries.

What sum of money, if paid now in cash, would fairly and reasonably compensate James Gowdy for the damages, if any, you have found Defendant Marine Spill Response Corporation's wrongful conduct, if any, caused James Gowdy?

Answer in dollars and cents for the following items, and no others:

a. Past physical pain and suffering:
$ ____________________

b. Future physical pain and suffering:
$ ____________________

c. Past mental anguish:
$ ____________________

d. Future mental anguish:
$ ____________________

e. Past income loss:
$ ____________________

f. Future impairment of earning capacity or ability:
$ ____________________

**Inform the bailiff that you have reached a verdict.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES E. GOWDY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-169 |
| | § | |
| MARINE SPILL RESPONSE CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**VERDICT**

We, the jury, return the foregoing as our unanimous verdict.

10/1/2019
Date

[redacted]
Foreperson